FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK KEZER, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>LITHIA MOTORS INC, an Oregon corporation, HWS LAW GROUP PLLC, a Washington professional limited liability company, and ANTHONY R SCISCIANI, III, an individual,<br><br>      Defendants. | No. 2:26-CV-00144-SAB<br><br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

Before the Court is Defendants' Motion to Dismiss, ECF No. 19. Plaintiff is representing himself in the matter. Defendants are represented by Gregor Hensrude. The Motion was considered without oral argument.

This case follows the closure of a related action previously in front of this Court, *see* Case No. 2:25-CV-00256-SAB. In the prior action, Plaintiff requested the Court vacate an arbitration award regarding disputes over a vehicle warranty. The Court denied Plaintiff's request, as it lacked jurisdiction to review the factual determinations made by the Arbitrator and there was no evidence that the Arbitrator disregarded applicable legal standards.

**ORDER DISMISSING COMPLAINT WITH PREJUDICE** * 1

During the underlying litigation, Defendant Anthony R. Sciciani, III (Scisciani), an attorney employed by Defendant HWS Law Group PLLC (HWS) who was representing Defendant Lithia Motors INC (Lithia), filed exhibits containing Plaintiff's personal identifier information. The error was identified, and Defendants moved to redact the document. The Court sealed the document containing the identifier information and gave leave to file an amended document with redactions. In the Order, the Court took no position on the issue of inadvertent disclosure of personal information.

Plaintiff filed the instant matter on March 30, 2026, making claims of negligence, invasion of privacy, negligence per se, and violations of the Washington Consumer Protection Act (CPA), regarding the disclosure of his personal identification information in the underlying case.

On June 8, 2026, the Court dismissed Plaintiff's Complaint with leave to amend. Plaintiff's negligence claims were dismissed as he failed to identify a cognizable duty owed by opposing counsel and failed to identify concrete injuries. His invasion of privacy claim was dismissed as the Court found no support for expanding the cause of action to impose liability for an unintentional disclosure with no evidence that the personal information was widely disseminated or accessed. Plaintiff's CPA claim was dismissed as he failed to allege any harm to his business or property beyond a general concern over potential future harm.

On June 12, 2026, Plaintiff filed an Amended Complaint, asserting the following claims: (1) Violation of Washington's Data Breach Notification Law, Wash. Rev. Code § 19.255, (2) Invasion of Privacy – Public Disclosure of Private Facts, (3) Negligent Handling and Disclosure of Personal Identifying Information, and (4) Injunctive and Declaratory Relief. The Amended Complaint alleges the same underlying factual circumstances as the Original Complaint, with additional details regarding exposure of personal information via email to a third party – Mike Brown.

**ORDER DISMISSING COMPLAINT WITH PREJUDICE \* 2**

Defendants now move to dismiss Plaintiff's Amended Complaint, asserting Plaintiff failed to cure the deficiencies in his Original Complaint and fails to establish plausible claims under the newly added causes of action.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the pleading contains sufficient factual allegations that enable the court to reasonably infer that the defendant could be liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the Court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Twombly*, 550 U.S. at 555. A complaint from a pro se plaintiff is to be liberally construed and is held to less stringent standards than formal pleadings by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a pro se litigant is not excused from following the basic pleading requirements. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Plaintiff's Amended Complaint fails to allege any non-conclusory facts establishing Defendant Lithia's participation in or authorization of the disclosure.

**ORDER DISMISSING COMPLAINT WITH PREJUDICE * 3**

Plaintiff's asserted basis for Defendant Lithia's liability is that Defendants HWS and Scisciani acted on Defendant Lithia's behalf when filing the documents containing Plaintiff's personal information. To bring a plausible claim against a defendant, a complaint must allege enough facts that support liability and raise a non-speculative right to relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. As Plaintiff fails to allege any specific facts as to Defendant Lithia's participation in the underlying disclosure, all claims as to Defendant Lithia are dismissed.

Wash. Rev. Code § 19.255.040(3)(a), permits a civil action by a consumer injured by a violation of the duties established in Wash. Rev. Code § 19.255.010. The provision generally imposes a duty on entities and individuals who own, license, maintain, or possess personal data of consumers to notify those consumers when their personal data has been exposed. Wash. Rev. Code § 19.255.010(1), (2). It appears the provision is generally intended to apply to situations where a company's servers are compromised, and client data is accessed by a malicious third party. Plaintiff offers no support for extending the scope of the statute to cover a mistaken filing and email. Plaintiff's Amended Complaint fails to establish which Defendants were under what duties and how the events in the underlying litigation trigger the requirements of § 19.255. Accordingly, Plaintiff's Data Breach Notification Law claim is dismissed.

In Washington, individuals can bring a claim for invasion of privacy if they establish that their right to privacy was invaded or violated and the disclosure of information (1) would be highly offensive to a reasonable person and (2) is not of legitimate concern to the public. Wash. Rev. Code § 42.56.050. Plaintiff's Amended Complaint appears to recite the same theory of recovery and underlying facts regarding this cause of action as the Original Complaint, beyond providing additional information regarding the third-party individual who received Plaintiff's private identifier information. As the Court indicated in its Order dismissing Plaintiff's Original Complaint, there is little support for imposing broad liability

**ORDER DISMISSING COMPLAINT WITH PREJUDICE * 4**

for a mistaken filing and email where the only alleged disclosure was to a singular third-party individual who quickly notified Plaintiff of the mistake. Accordingly, Plaintiff's invasion of privacy claim is dismissed.

Plaintiff's negligence claims were previously dismissed with leave to amend because persons acting in furtherance of the right to petition are generally immune from liability for such conduct under the *Noerr-Pennington* doctrine. *Relevant Grp., LLC v. Nourmand*, 116 F.4th 917, 927 (9th Cir. 2024). This protection extends to parties and their lawyers and can extend to conduct incidental to protected petitioning. *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1186 (9th Cir. 2005). Plaintiff attempts to repackage his negligence claim as an exception of the *Noerr-Pennington* doctrine, asserting the underlying conduct is somehow not protected petitioning conduct. The documents at issue were filed and handled as exhibits relevant to Defendant's Response to Plaintiff's Motion to Vacate in the underlying litigation. The filing and handling of documents relevant to litigation is inherently protected petitioning conduct. There is no support for carving an exception to a well-established doctrine, as it would impose a burden on constitutionally protected petitioning conduct. Plaintiff further fails to identify any specific, alternative duty applicable to the situation at hand. Accordingly, Plaintiff's negligence claim is dismissed.

Plaintiff's final claim, titled "Injunctive and Declaratory Relief," is not an independent cause of action, rather, it is the overarching relief he seeks regarding his other claims. As this is not a claim, it is dismissed.

Throughout his Amended Complaint, Plaintiff fails to specify what acts were committed by what Defendants and how liability attaches to each Defendant for each claim. He further fails to identify any authority supporting the expansion of or exceptions to existing law that he seeks. Plaintiff does not allege any non-speculative, concrete damages that entitle him to relief. A mere fear of future harm

**ORDER DISMISSING COMPLAINT WITH PREJUDICE \* 5**

and steps taken to prevent such harm are not sufficient injuries to support a claim for damages. Accordingly, Defendants' Motion to Dismiss is **granted**.

As Plaintiff has already been given an opportunity to amend his Complaint and failed to address the identified pleading deficiencies, it is clear any further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *see also* Fed. R. Civ. P. 15.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion to Dismiss, ECF No. 19, is **GRANTED**.

2.    Plaintiff's Amended Complaint, ECF No. 18, is **DISMISSED, with prejudice**.

3.    The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel **and to** *pro se* Plaintiff, and **close** the file.

**DATED** this 13th day of August 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER DISMISSING COMPLAINT WITH PREJUDICE * 6**